CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
November 17, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DANNY LEE CARTER III,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:25CV00232 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **SWVRJA-DUFFIELD FACILITY,** ) | JUDGE JAMES P. JONES |
| **ET AL.,** ) | |
| ) | |
| Defendants. ) | |

*Danny Lee Carter III, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, complaining that he has been denied medication-assisted treatment (MAT) that he believes he needs to address his drug addiction. Carter has complied with financial requirements to proceed with the lawsuit without prepayment of the filing costs, pursuant to 28 U.S.C. § 1915(b). After review of the Complaint, however, I conclude that this action must be summarily dismissed.

Carter's § 1983 Complaint names as two defendants: "SWVRJA Duffield Facility and Pam Norton." Compl. 1, ECF No. 1. Carter's allegations are sparse:

> I was denied entry into MAT program. The reason I was given was I wasn't coming to the facility already prescribed the medication.
>
> I was offered one type of MAT drug that has been documented as causing allergic reaction over others. They stated I could only rec[ei]ve

> the Vivitrol. I thought I was entitled to addiction treatment but they have failed to do so.

*Id.* at 2. Carter attaches copies of grievance documents he filed about this issue indicating that he had been referred to see a medical provider about addiction treatment and that his procedural appeal of that filing was still pending when he submitted this lawsuit on March 26, 2025.* As relief, Carter asks to "[b]e allowed in the Program before [his] release. Also pay for filing fee. Lastly, [he is] looking for $5,000 for time and stress." *Id.* at 3.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Carter is apparently suing the Southwest Virginia Regional Jail Authority (SWVRJA) or the jail it operates in Duffield, Virginia. A local jail facility itself

---

* Carter is advised failure to utilize all levels of a jail grievance procedure before filing a federal lawsuit can provide a basis for dismissal of that lawsuit. 42 U.S.C. § 1997e(a).

cannot qualify as a person subject to being sued under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992). Thus, Carter has no actionable claim against the Duffield jail facility itself.

To the extent that Carter also sues the jail authority as a defendant, his § 1983 claims fail on the facts he has alleged. Regional jail authorities and other "[l]ocal governing bodies . . . can be sued directly under §1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (footnote omitted). The plaintiff must show that a policy promulgated by the jail authority was "'the moving force'" behind the deprivation of which he complains. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985). Carter has not stated facts showing that jail authority policies have caused any particular violation of his constitutional rights, as required to present a viable § 1983 claim against this defendant. In fact, his submissions indicate that his issue was referred to a medical provider for assessment. Thus, he fails to state a claim that he was prevented from entering the MAT program based on any policy of the SWVRJA.

Carter also fails to state any facts showing what the other defendant, Pam Norton, did that violated his constitutional rights. He does not describe how she was involved with the MAT issue at all or what position she holds at the jail related to decisions about addiction treatment he can receive there. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (internal quotation marks, citation, and alteration omitted). I must summarily dismiss Carter's claims against Norton.

Finally, Carter's claims rest on his apparent disagreement with the jail medical staff about appropriate treatment for his drug addiction. Staff has offered one medication, but Carter believes he should be provided a different one. Only "deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). To prove deliberate indifference, Carter must show that the defendant prison official had "actual . . . knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Id*. Mere negligence, errors in judgment, inadvertent oversights, or disagreements between doctor and patient about the prisoner's treatment plan do not support a finding that a defendant acted with deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) ("Medical malpractice does not become a constitutional

violation merely because the victim is a prisoner."); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975) ("Questions of medical judgment are not subject to judicial review."). Thus, Carter's mere disagreement with medical providers does not present a constitutional claim.

Because Carter's allegations fail to state viable claims under § 1983, the claims cannot proceed against the defendants he has named. I will summarily dismiss the action without prejudice under 42 U.S.C. § 1997e(c)(1) for failure to state a claim.

An appropriate Order will enter this day.

DATED: November 17, 2025

/s/  JAMES P. JONES
Senior United States District Judge